IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENYEN GUIDER,           : | | |
|             Plaintiff    : | No. 1:14-cv-00331 | |
|                          : | | |
| v.                       : | (Judge Kane) | |
|                          : | | |
| SCOTT EVANS, et al.,     : | (Chief Magistrate Judge Carlson) | |
|             Defendants   : | | |

## MEMORANDUM

Before the Court is Chief Magistrate Judge Carlson's Report and Recommendation (Doc. No. 8) addressing Plaintiff Kenyen Guider's amended complaint (Doc. No. 7), as well as Plaintiff's objections to the Report and Recommendation (Doc. No. 10). For the reasons that follow, the Court will adopt the Report and Recommendation, overrule Plaintiff's objections, and dismiss Plaintiff's amended complaint with prejudice.[1]

## I.    BACKGROUND

On February 24, 2014, Plaintiff Kenyen Guider filed a pro se complaint against the Commonwealth of Pennsylvania, the City of Harrisburg, and Dauphin County, alleging malicious prosecution, unlawful confinement, manifest injustice, and violations of his rights under both the United States and Pennsylvania Constitutions. (Doc. No. 1 at 1-2.) Specifically, Plaintiff alleges that in 1999 after he pled guilty through a negotiated plea to two charges of theft of leased property and received a twelve month probationary sentence in the Court of Common

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

Pleas of Dauphin County, Pennsylvania, Judge Scott A. Evans imposed an illegal sentence on him by ordering him to pay restitution more than thirty days after sentencing.  (Id. at 2-4.)  Additionally, Plaintiff alleges that Court of Common Pleas Judge Lawrence F. Clark, Jr., imposed an illegal sentence on him by revoking his probation for failing to pay the restitution in full as ordered by Judge Evans.  (Id.)  Plaintiff asserts that the errors of Judges Evans and Clark resulted in his serving ten years in a state correctional institute.  (Id. at 3.)

On February 25, 2014, Magistrate Judge Carlson issued a Report and Recommendation, recommending Plaintiff's complaint be dismissed without prejudice for failure to state a claim.  (Doc. No. 5 at 15.)  Magistrate Judge Carlson recommended dismissal because Plaintiff's claim of malicious prosecution was based on a valid state criminal conviction that had not been set aside or overturned, and thus Plaintiff was unable to establish a prima facie case of malicious prosecution.  (Id. at 6-7.)  See also Hector v. Watt, 235 F.3d 154, 155-56 (3d Cir. 2000) ("[O]ne requirement of malicious prosecution is that the prior criminal proceedings must have terminated in the plaintiff's favor . . . .").  Further, Magistrate Judge Carlson noted that Plaintiff could not bring claims against Judges Evans and Clark because as judicial officers, they are entitled to immunity from personal liability.  (Doc. No. 5 at 9-10.)  See also Mireless v. Waco, 502 U.S. 9, 13 (1991).

Additionally, the recommendation stated that the city and county in which Judges Evans and Clark preside cannot be held vicariously liable for their conduct because judges are entitled to judicial immunity, and the Eleventh Amendment to the United States Constitution prohibits Plaintiff from bringing suit against institutions of state government.  (Doc. No. 5 at 10-11.)  Finally, Magistrate Judge Carlson recommended the Court dismiss Plaintiff's claims for

damages, because no private cause of action for damages exists under the Pennsylvania Constitution, and Plaintiff's demand for a specific amount of unliquidated damages under the United States Constitution violates Local Rule 8.1 for the Middle District of Pennsylvania. (See id. at 13-14.) See also M.D. Pa. LR 8.1. The Court adopted the Report and Recommendation on April 18, 2014, and dismissed Plaintiff's complaint without prejudice, to Plaintiff's ability to file an amended complaint. (Doc. No. 6.)

## II. DISCUSSION

Plaintiff filed an amended complaint on April 7, 2014, alleging claims identical to those set forth in his initial complaint, but naming Judges Evans and Clark as Defendants rather than the government entities he previously named. (Doc. No. 7). On April 8, 2014, Magistrate Judge Carlson issued a Report and Recommendation recommending the Court dismiss Plaintiff's claims with prejudice for the same reasons outlined in his initial recommendation, and additionally finding that Plaintiff's amended complaint established that further amendment would be futile. (Doc. No. 8 at 2.) On April 23, 2014, Plaintiff filed timely objections to the Report and Recommendation. (Doc. No. 10.)

Plaintiff first objects to the recommendation that the Court find he has not made a prima facie case for malicious prosecution by arguing that he is in fact "'innocent' of the revocation and further prosecutions for the same offense." (Id. at 3.) Plaintiff misunderstands the elements of a claim for malicious prosecution. It is insufficient for a plaintiff to merely assert innocence in a claim for malicious prosecution; rather, a plaintiff "must prove actual innocence," and "the prior criminal proceedings must have terminated in the plaintiff's favor." Steele v. City of Erie, 113 F. App'x 456, 459 (3d Cir. 2004); Hector, 235 F.3d at 156. Because the underlying

prosecution Plaintiff challenges resulted in his conviction in state court, Plaintiff cannot establish a claim for malicious prosecution.  See Hector, 235 F.3d at 155-56.  Accordingly, the Court will overrule Plaintiff's objections to the recommendation that the Court find Plaintiff has not established a prima facie case for malicious prosecution.

Plaintiff next argues that Judges Evans and Clark are not protected by judicial immunity because their actions violated Plaintiff's constitutional and civil rights, and thus their conduct was "no longer an [sic] judicial act but an individual act as the act represents their own prejudices and goals."  (Doc. No. 10 at 4.)  Plaintiff's assertion is again incorrect.  "[T]he fixing of restitution payments is an exclusively judicial act," and thus Judge Evans functioned in his judicial capacity when he set the restitution that Plaintiff now challenges.  United States v. Walker, 149 F. App'x 55, 57 (3d Cir. 2005) (internal citations omitted).  Likewise, "probation revocation is a judicial function," and therefore Judge Clark is also entitled to judicial immunity.  United States v. Camarata, 828 F.2d 974, 978 (3d Cir. 1987).  Accordingly, the Court will overrule Plaintiff's objections to the recommendation that the Court find judicial immunity prevents Plaintiff from stating his claims against Judges Evans and Clark.

## III.   CONCLUSION

Having found Plaintiff's objections without merit, the Court will adopt Chief Magistrate Judge Carlson's Report and Recommendation, and will dismiss Plaintiff's amended complaint with prejudice.  An order consistent with this memorandum follows.